**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4784**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JAMES CURTIS SPEARS,

        Defendant – Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:07-cr-00372-NCT-1)

———————

Submitted: January 22, 2010      Decided: February 25, 2010

———————

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Christopher A. Beechler, Winston-Salem, North Carolina, for Appellant. Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Curtis Spears pled guilty, pursuant to a plea agreement, to one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006). The district court calculated Spears' advisory Guidelines imprisonment range under the U.S. Sentencing Guidelines Manual (2008) at 262 to 327 months, but granted Spears' request for a downward variance and imposed a sentence of 240 months' imprisonment, the minimum imprisonment term required by statute. Spears now appeals. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that the appeal is frivolous. Spears was informed of his right to file a pro se supplemental brief but has not done so, and the Government declined to file a brief. We affirm.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for review. Our review of the transcript of the plea hearing leads us to conclude that the district court substantially complied with the mandates of Fed. R. Crim. P. 11 in accepting Spears' guilty plea and that Spears' substantial rights were not infringed. Critically, the transcript reveals that the district court ensured that the plea was supported by an independent factual basis and that Spears entered the plea knowingly and voluntarily with an understanding of the attendant consequences.

2

See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Turning to Spears' sentence, we review it for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In conducting this review, we first examine the sentence for "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. When "rendering a sentence, the district court must make an individualized assessment based on the facts presented," applying the "relevant § 3553(a) factors to the specific circumstances" of the case and the defendant, and "must state in open court the particular reasons supporting its chosen sentence." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted).

If the sentence is free from procedural error, we then consider the substantive reasonableness of the sentence. Gall, 552 U.S. at 51; United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008). "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from

3

the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). Even if we would have imposed a different sentence, "this fact alone is insufficient to justify reversal of the district court." Id. at 474 (internal quotation marks omitted). Further, "[a] statutorily required sentence . . . is per se reasonable." United States v. Farrior, 535 F.3d 210, 224 (4th Cir.), cert. denied, 129 S. Ct. 743 (2008).

Here, the district court correctly calculated the advisory Guidelines range and heard argument from the parties on the appropriate sentence and allocution from Spears. The court considered relevant § 3553(a) factors, addressing on the record the nature and circumstances of the offense, Spears' history and characteristics, and the need for the sentence to reflect the seriousness of Spears' offense, promote respect for the law, and deter Spears. In granting Spears' request for a downward variance, the court explained that it considered the need to provide just punishment for Spears. Based on these factors, the court concluded that a sentence of 240 months' imprisonment, the minimum imprisonment term required by statute, was sufficient, but not greater than necessary, to achieve the purposes of sentencing. We conclude that the district court adequately explained its rationale for imposing the variant sentence and that the reasons relied upon by the district court are valid

4

considerations under § 3553(a) and justify the sentence imposed. See Pauley, 511 F.3d at 473-76. Further, the 240-month prison term was the minimum term required by statute, and a statutorily-required prison term is always reasonable. See Farrior, 535 F.3d at 224. Thus, we conclude that the district court did not abuse its discretion in sentencing Spears.

We therefore affirm the district court's judgment. This court requires that counsel inform Spears, in writing, of the right to petition the Supreme Court of the United States for further review. If Spears requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Spears. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED